# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Criminal Case No. 25-cr-00262-NYW

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. ARLETH LEONARDO MIRANDA-VIVAS, and
2. EDGAR JOSE TORREALBA,

    Defendants.

## INDICTMENT

The Grand Jury and charges:

### COUNT 1

On or about January 23, 2025, in the State and District of Colorado, the defendant, ARLETH LEONARDO MIRANDA-VIVAS, did knowingly and intentionally distribute a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide (fentanyl), a Schedule II controlled substance.

All in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(C).

### COUNT 2

From on or about March 12, 2025, in the State and District of Colorado, the defendant, ARLETH LEONARDO MIRANDA-VIVAS, did attempt to ship, transport, transfer, cause to be transported, and otherwise dispose of a firearm to a recipient, in or otherwise affecting interstate and foreign commerce, knowing or having reasonable cause to believe that the use, carrying, or possession of the firearm by the recipient would constitute a felony.

All in violation of Title 18, United States Code, Sections 933(a)(1) and (3).

## COUNT 3

On or about March 14, 2025, in the State and District of Colorado, the defendant, ARLETH LEONARDO MIRANDA-VIVAS, did knowingly and intentionally distribute 40 grams and more of a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide (fentanyl), a Schedule II controlled substance.

All in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(B)(vi).

## COUNT 4

On or about April 4, 2025, in the State and District of Colorado, the defendant, EDGAR JOSE TORREALBA, knowing he was an alien illegally and unlawfully in the United States, did knowingly possess a firearm and ammunition in and affecting interstate commerce.

All in violation of Title 18, United States Code, Section 922(g)(5).

## COUNT 5

On or about May 1, 2025, in the State and District of Colorado, the defendant, ARLETH LEONARDO MIRANDA-VIVAS, knowingly and unlawfully possessed a firearm, that is, a shotgun with a barrel less than 18 inches, as defined in 26 U.S.C. §§ 5845(a)(1) and (d), that was not registered to him in the National Firearms Registration and Transfer Record.

All in violation of Title 26 United States Code, Sections 5861(d) and 5871.

## COUNT 6

From on or about May 1, 2025, in the State and District of Colorado, the defendant, ARLETH LEONARDO MIRANDA-VIVAS, did attempt to ship, transport, transfer, cause to be transported, and otherwise dispose of a firearm to a recipient, in or otherwise affecting interstate and foreign commerce, knowing or having reasonable cause to believe that the use, carrying, or

possession of the firearm by the recipient would constitute a felony.

All in violation of Title 18, United States Code, Sections 933(a)(1) and (3).

## COUNT 7

On or about June 3, 2025, in the State and District of Colorado, the defendant, ARLETH LEONARDO MIRANDA-VIVAS, did knowingly and intentionally distribute 40 grams and more of a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide (fentanyl), a Schedule II controlled substance.

All in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(B)(vi).

## COUNT 8

From on or about June 3, 2025, in the State and District of Colorado, the defendant, ARLETH LEONARDO MIRANDA-VIVAS, did attempt to ship, transport, transfer, cause to be transported, and otherwise dispose of a firearm to a recipient, in or otherwise affecting interstate and foreign commerce, knowing or having reasonable cause to believe that the use, carrying, or possession of the firearm by the recipient would constitute a felony.

All in violation of Title 18, United States Code, Sections 933(a)(1) and (3).

## FORFEITURE ALLEGATION

1.  The allegations contained in Counts 2, 4 through 6, and 8 of this Indictment are hereby re-alleged and incorporated by reference for the purpose of alleging forfeiture pursuant to the provisions of Title 18, United States Code, Section 924(d), Title 21, United States Code, Section 853, and Title 28, United States Code, Section 2461(c).

2.  Upon conviction of the violation(s) alleged in Count[s] 2, 4 through 6, and 8 of the Indictment, the defendant shall forfeit to the United States, pursuant to Title 18, United States Code, Section 924(d) and Title 28, United States Code, Section 2461(c), any firearm and

ammunition involved in the commission of the offense, including but not limited to the following:

(1) A Ruger TR9 9mm pistol bearing serial number 32963064,

(2) A Ruger P95 pistol bearing serial number 31678608,

(3) A Polymer 80 PF9 9mm piston bearing serial number BADP473,

(4) A Glock 36 .45 Caliber pistol bearing serial number WLP-613,

(5) A Mossberg 12-guage sawed-off shotgun bearing serial number AF016907,

(6) An UZI Model B 9mm rifle bearing serial number 56455,

(7) An Anderson AR-15 rifle bearing serial number 20261871,

(8) An H&K MP5 .22 caliber pistol bearing serial number HD034715, and

(9) all recovered ammunition.

3. Upon conviction of the violation(s) alleged in Count[s] 1, 3, and 7 of the Superseding Indictment, the defendant shall forfeit to the United States, pursuant to Title 21, United States Code, Section 853, any and all of the defendant's right, title, and interest in all property constituting and derived from any proceeds obtained directly and indirectly as a result of such offense, and in all property used, or intended to be used, in any manner or part, to commit, or to facilitate, the commission of such offense.

4. If any of the property described in paragraphs 2 and 3 above, as a result of any act or omission of the defendant:

      a) cannot be located upon the exercise of due diligence;
      b) has been transferred or sold to, or deposited with, a third party;
      c) has been placed beyond the jurisdiction of the Court;
      d) has been substantially diminished in value; or
      e) has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), to seek forfeiture of any other

property of said defendant up to the value of the forfeitable property.

                                          A TRUE BILL:

                                          *Ink Signature on File at Clerk's Office*
                                          FOREPERSON

PETER MCNEILLY
United States Attorney

By: *s/ E. Garreth Winstead*
E. GARRETH WINSTEAD
Assistant U.S. Attorney
U.S. Attorney's Office
1801 California St., Ste. 1600
Denver, CO 80202
Telephone: 303-454-0100
E-mail: Garreth.Winstead@usdoj.gov